TRUESDALE for the use of OWEN *vs.* HAZZARD *et al.*

In declaring upon a bond executed under section 13, chapter 122, R. S., of proceedings for collection of demands against vessels, it is not necessary to aver that the plaintiff made the application in writing in manner and form required by sections two and three of said chapter.

Nor is it necessary to aver that the vessel released upon the execution of the bond, was at the time of its seizure within the jurisdiction of the Court issuing the warrant.

This was an action brought by the plaintiff in the Wayne County Court, upon a bond executed by the defendants under the provisions contained in chapter 122, title 24 of the Revised Statutes of 1846, and entitled, "Of proceedings for the collection of demands against ships, boats and other vessels."

The body of the declaration is in these words: "For that whereas the said defendants heretofore, to wit: on the 19th day of October, 1850, by their certain bond or writing obligatory sealed with their seals, the date whereof is a certain day and year therein expressed, to wit: the day and year aforesaid, acknowledged themselves to be held and firmly bound to the plaintiff in the sum of two thousand two hundred and fifty dollars, to be paid to the plaintiff, which said writing obligatory was and is subject to a certain condition thereunder written, wherein after reciting to the effect following, to wit: that whereas, on complaint made in writing on oath by the said Wesley Truesdale, on the 19th day of October, 1850, to E. Smith Lee, County Judge of the county of Wayne, setting forth that he had a claim against the steamboat Empire State, amounting to the sum of $1,124 80, he, the said Judge, on that issued his warrant to the sheriff of the county of Wayne, commanding him to attach, seize and safely keep said steamboat, her tackle, apparel and furniture to answer said complaint; by virtue whereof the said sheriff had seized and taken the said steamboat: it was conditioned, that if the said obligors should pay all such claims and demands as had been exhibited to said Judge, which should be established to have been subsisting liens upon said steamboat, pursuant to the provisions of chapter 122, of the Revised Statutes of the State of Michigan of 1846, at the time of the exhibiting the same respectively, then the said obligation to be void, otherwise to be of full force, as by said writing obligatory and the condition thereof will more fully appear.

"And the plaintiff in fact saith that he has a demand upon and against the steamboat Empire State, for timber and lumber and other materials furnished for and in and about the construction of said steamboat, and that said demand amounted, on said 19th day of October, 1850, to eleven hundred and twenty-four dollars and eighty cents, and was a valid and subsisting claim and lien on said boat, under and according to the provisions of chapter 122 of the Revised Statutes of Michigan of 1846,

44

at the time of the exhibition of the said complaint, to wit: on the day and year last aforesaid; which said demand is the same claim and demand which was exhibited to said E. S. Lee, Judge as aforesaid, and which is mentioned in said bond, and that the said steamboat Empire State, at the time when the said claim or demand was so exhibited to the said E. Smith Lee, Judge as aforesaid, to wit: on the said 19th day of October, 1850, was a boat or vessel used in navigating the waters of the State of Michigan, and that the said claim or demand and all the items thereof were debts contracted by Augustus Walker, the owner of said boat or vessel, and on account of timber and lumber and other materials furnished for and used in and about the construction, building and equipment of said boat or vessel, previous to the time when said claim was exhibited to said Judge as aforesaid. And the said plaintiff claims, &c.

"Yet the said plaintiff in fact saith, that the defendants have not paid, &c. By means of which, &c." (Concluding in the usual form.)

The defendants demurred, assigning for cause:

1st. That the declaration does not show that the plaintiff ever made the application in writing, in manner and form as required by sections two and three of chapter 122 of the Revised Statutes.

2d. That it does not appear that the said steamboat was within the jurisdiction of this Court, to wit: in the county of Wayne, when the application was made to E. Smith Lee, County Judge.

The plaintiff joined in demurrer, and the County Judge reserved the questions arising on the demurrer for the opinion of this Court.

*G. E. Hand,* for plaintiff.

*Lothrop & Duffield,* for defendant.

By the Court, PRATT, J.

The County Court had jurisdiction of the subject matter of this suit, and form in pleadings was not required in that Court. The statute provides (*R. S. of* 1846, *p.* 379, *Sec.* 11,) "that declarations in actions arising upon contract, may be oral or in writing, and made without regard to any form heretofore used, but shall be a brief statement of the

form of action, and the plaintiff's claim or demand, setting forth the nature thereof; and if for money due upon contract, the amount so due after allowing all credits." In suits upon this class of bonds, the plaintiff is especially required in declaring, to state his demand, and to aver that it was a subsisting lien on the vessel or boat seized, &c.; and to assign as a breach of such bond, the non-payment of the demand. (*R. S., Chap.* 122, *Sec.* 11.) The declaration in this cause fully complies with these general and special requirements of the statute. At common law it is only necessary in pleading, to state the facts with certainty to a common intent, so that they may be understood by the opposite party, the jury, and the Court; and yet, says Mr. Chitty, "it must be confessed that it is difficult in practice to apply this rule to cases which often occur." The declaration in this cause, when tested by this common law rule alone, must be adjudged sufficient, as it does set out the plaintiff's cause of action with certainty to a common intent, and otherwise contains all the substantive averments necessary to a valid declaration on such a bond at common law, and upon which the merits of the cause could have been fully tried.

The averments suggested by the demurrer, were not necessary, either at common law or under the provisions of the statute. The plaintiff had a right to rely on the bond, and to confine his declaration strictly to it. The officer who issued the warrant for the seizure of the boat had jurisdiction of the subject matter, by statute, and upon application and complaint in writing, was authorized to issue the warrant. The recital in the bond of the proceedings before the officer, and which fully appears in the declaration, imports *prima facie* at least, a legal consideration for the execution and delivery of the bond by the defendants; and the plaintiff in declaring upon it, was not bound by any rule of pleading, to aver any fact or matter not necessary for him to prove on the trial; and by no rule or principle known to the law could he be required, in order to maintain his action on the bond, to prove the preliminary proceedings before the officer, or any other matter accruing anterior to the execution and delivery of the bond, and which, if proved, would constitute a defense to the action. If not required to make the proof, most certainly he ought not to be required to aver it in his declaration. In this class of cases it is only necessary under the statute, for the plaintiff

to prove the execution of the bond and his claim or demand as set out in his declaration, to entitle him *prima facie*, to a recovery.

It is undoubtedly the correct legal doctrine, as established by this Court, in the case referred to, (1 *Doug. R.*, 384,) that inferior jurisdictions, not proceeding according to the course of the common law, are confined to the authority conferred, and can take nothing by implication. Yet, it is difficult to perceive how that principle has any application to the cause under consideration. The County Court in which this action was brought, had jurisdiction of the subject matter of the suit, and pursued the authority conferred by statute, in obtaining jurisdiction of the case and the persons of the defendants, as far forth as necessary in this class of actions. And if the bond upon which the plaintiff instituted the suit is illegal and void, on the ground that the officer who issued the warrant for the seizure of the boat, had no jurisdiction, for the reason that the *complaint* was not in writing, or for the reason that the boat, at the time of the *application*, was not in the county of Wayne, how should the defendants have taken the advantage of it? Not by *demurrer* to the declaration. It was matter in defense, and must necessarily be made to appear *aliunde* the bond, and the defendants could only avail themselves of it by plea or special notice; this being the only legal way in which such defense could be interposed or made to appear. It is therefore the opinion of this Court that the demurrer to the plaintiff's declaration is not well taken, and should be overruled by the Court below.

Let the case be certified accordingly.